UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JASON BISHOP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   2:12-cv-281-JMS-WGH |
| | ) |
| | ) |
| CORIZON MEDICAL | ) |
|   SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion for Preliminary Injunction**

**I.**

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (citation omitted). An injunction is an equitable remedy so its issuance is one which falls within the sound discretion of the district court. *See Hecht Co. v. Bowles,* 321 U.S. 321, 329 (1944). A court may issue a stay pending appeal or an order granting interim injunctive relief only when the movant demonstrates: (a) he is likely to succeed on the merits; (b) that he is likely to suffer irreparable harm in the absence of preliminary relief; (c) that the balance of equities tips in his favor; and (d) that an injunction is in the public interest. *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008). The "movant has the burden to show that all four factors . . . weigh in favor of the injunction." *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1292 (D.C.Cir. 2009).

**II.**

The Eighth Amendment imposes a duty on prison officials to provide medical care to inmates. *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). In order for an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). It is well-settled that while incarcerated,

an inmate is not entitled to the best possible care or to receive particular treatment of his choice. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997).

In this case, a state prisoner seeks a preliminary injunction requiring the defendants to provide him a specific treatment regimen. There are various reasons why the issuance of a preliminary injunction such as sought by the plaintiff is not warranted.

- The relief sought by the plaintiff would not be consistent with the Supreme Court's directions that "federal courts . . . afford appropriate deference and flexibility to state officials trying to manage a volatile environment[.]" *Sandin v. Conner,* 515 U.S. 472, 483 (1995). Where a plaintiff requests an injunction that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode,* 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff,* 418 U.S. at 566. Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Beard v. Banks,* 548 U.S. 521, 528 (2006); *Bell v. Wolfish,* 441 U.S. 520, 527 (1979). *See Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir. 1998) ("it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison[.]"). As noted in *Fox v. Rodgers,* 2009 WL 891719 (E.D.Mich. 2009), any injunction issued against prison officials dealing with the day-to-day operation of the prison system may cause substantial harm to both public and private interests.

- Process has not been issued to any of the defendants and the court has not acquired *in personam* jurisdiction over any of the defendants.

- It has not been determined whether a legally viable claim is asserted in the complaint. The screening required by 28 U.S.C. § 1915A(b) has not been completed, as this case was filed less than 2 weeks ago.

- If the complaint fails to state a viable claim for relief, the action will be dismissed, *see Jones v. Bock,* 127 S. Ct. 910, 921 (2007)(pursuant to 28 U.S.C. § 1915A(b)("[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief"), and there would be no case or controversy sufficient to support exercise of the court's limited jurisdiction.

Additionally, a preliminary injunction involving conditions of confinement at a prison must be "narrowly drawn, extend[ ] no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The motion for a temporary restraining order and preliminary injunction seeks relief of such scope that it is highly unlikely this statutory command could be satisfied.

### III.

The motion for a preliminary injunction [6] is **denied**.

**IT IS SO ORDERED.**

Date: 10/05/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Jason Bishop
978783
Putnamville - CF
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135