UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JASON BISHOP, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|   *vs.* | ) | 2:12-cv-281-JMS-WGH |
| | ) | |
| CORIZON MEDICAL SERVICES, *et al.*, | ) | |
|     *Defendants.* | ) | |

## ORDER

Presently pending before the Court is Defendants Indiana Department of Correction ("DOC") and Rose Vaisvilas' (collectively, the "State Defendants") Motion for Judgment on the Pleadings on *pro se* Plaintiff Jason Bishop's claims against them. [Dkt. 32.] The motion has been fully briefed [dkt. 37, 42] and for the following reasons, the Court grants the State Defendants' motion and dismisses them from this action.

### I.
### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). In ruling on the motion, the Court may only consider the complaint, answer, and any documents attached thereto as exhibits. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998). All well-pleaded allegations in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). The Court may only enter judgment on the pleadings if it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief, and the moving party demonstrates that there are no material issues of fact to be resolved. *Moss*, 473 F.3d at 698.

## II.
### BACKGROUND

In September 2012, Mr. Bishop filed a Complaint pursuant to 42 U.S.C. § 1983 against the DOC, Ms. Vaisvilas, Corizon Medical Services ("Corizon"), Dr. Rajoli, Theresa Straw, and Dr. Bryant Bloss. [Dkt. 1.] Mr. Bishop alleges that while he was an inmate at the Putnamville Correctional Facility ("PCF"), he tested positive for Hepatitis C. [Dkt. 1 at 3.] He saw various doctors at the facility and contends that they violated his rights under the Eighth Amendment to the United States Constitution by failing to treat him for his Hepatitis C and the associated pain. [Dkts. 1; 11.] Mr. Bishop further alleges that a policy and procedure of Corizon and the DOC requires inmates to have three years or more remaining on their sentences to be eligible and considered for Hepatitis-related treatment. [Dkt. 1 at 5.] He claims that this policy is unconstitutional and violated his Eighth Amendment rights. [*Id.*] Ms. Vaisvilas was the Director of Health Services at PCF, [*id.*], and she denied Mr. Bishop's appeal of his formal grievance regarding his lack of treatment, [dkt. 1-1 at 3]. The DOC and Ms. Vaisvilas have moved for judgment on the pleadings on the claims against them. [Dkt. 32.]

## III.
### DISCUSSION

### A. The DOC

The DOC argues that Mr. Bishop's claims against it must be dismissed because they are barred by sovereign immunity since the DOC is an arm of the state. [Dkt. 33 at 3-4.] Mr. Bishop agrees with the DOC, [dkt. 37 at 1 ¶ 2], and, indeed, case law supports the DOC's argument, *see Moore v. Indiana*, 999 F.2d 1125, 1128-29 (7th Cir. 1993); *Dirig v. Wilson*, 2013 U.S. LEXIS 48635 (N.D. Ind. 2013) ("The Eleventh Amendment bars a suit by a citizen against the citizens own State in Federal Court. The Eleventh Amendment's jurisdictional bar extends to state

agencies, such as the Indiana Department of Correction . . . .") (citations omitted).  Thus, the Court grants the DOC's unopposed motion to dismiss Mr. Bishop's claims against it.

**B.  Ms. Vaisvilas**

Ms. Vaisvilas was the Director of Health Services at PCF.  [Dkts. 1 at 2; 1-1 at 3.]  Her only involvement with Mr. Bishop's case was when she denied the appeal of his initial grievance denial.  [Dkt. 33 at 4-5 (citing dkt. 1-1 at 3).]  Accordingly, Ms. Vaisvilas argues that she was not personally involved with the alleged deprivations and cannot be liable under § 1983.  [Dkt. 33 at 4-5.]

Mr. Bishop agrees that Ms. Vaisvilas is "the director of health services for the [DOC] and is responsible for overseeing the policies and procedures for Corizon . . . ."  [Dkt. 37 at 1 ¶ 3.]  He argues, however, that she can be responsible for her direct action or by approving the conduct of others.  [*Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1979)).]  Since she is in charge of overseeing "the policies and procedures" that Mr. Bishop challenges, he contends that she can be liable.  [*Id.*]

On reply, Ms. Vaisvilas contends that to the extent Mr. Bishop is asserting a policy and practice claim under § 1983, such a claim can only be brought against a municipality or other local government entity, not against Ms. Vaisvilas in her official capacity.[1]  [Dkt. 42 at 2-3.]

Mr. Bishop filed a surreply, asserting that he has alleged that Ms. Vaisvilas "denied him treatment or further testing due to his outdate [in less than three years]."  [Dkt. 43 at 2.]  He does not disagree with Ms. Vaisvilas' contention that this "denial" was only through her involvement in the grievance process.

---

[1] The State Defendants also point out that Mr. Bishop's response was filed one week after his deadline.  [Dkt. 42 at 1.]  Because the Court prefers to decide claims on the merits and the State Defendants were allowed to reply, the Court denies its request to disregard Mr. Bishop's response.

The Seventh Circuit has held that "[o]nly persons who cause or participate in the violations are responsible" under 42 U.S.C. § 1983, and "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("the alleged mishandling of [an inmate's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim"). Thus, Ms. Vaisvilas' denial of services to Mr. Bishop through the grievance process is an insufficient basis to support a § 1983 claim against her as a matter of law.

In response to this argument, Mr. Bishop contends that he is asserting a claim against Ms. Vaisvilas for her involvement in the grievance procedure enforcing the policy or practice he contends is unconstitutional. His Complaint and briefs establish that he is trying to assert a *Monell*-type claim against Ms. Vaisvilas. [Dkts. 1 at 5 ("The plaintiff claims that the policy and procedures that Corizon Medical Services and Indiana Department of Corrections has requires inmates to have 3 years or more remaining to be eligible and considered for treatment is unconstitutional . . . ."); 37 at 1; 43 at 2 (all citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1979)).] But under § 1983, only *municipalities* may be held liable for constitutional violations caused by their official policies including unwritten customs. *Monell*, 436 U.S. at 691. Mr. Bishop's claims against Ms. Vaisvilas can be nothing other than official-capacity claims, and those claims are construed as claims against the municipality itself. *Id.* at 690; *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 382 (7th Cir. 1988) (a claim against trustees sued in their official capacity operates as a claim against the municipality itself). But Mr. Bishop did not sue a municipality; instead, as detailed above, he sued the DOC, which is immune under the Eleventh Amendment. Thus, Mr. Bishop's claims against Ms. Vaisvilas also fail on this basis.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **GRANTS** the State Defendants' Motion for Judgment on the Pleadings, [dkt. 32], and the DOC and Ms. Vaisvilas are **DISMISSED** from this action.  The State Defendants' Motion to Stay Discovery is **DENIED AS MOOT** because no claims remain pending against those defendants.  [Dkt. 35.]  Partial final judgment will not issue at this time.

08/16/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

JASON BISHOP[2]
678519
CORRECTIONAL RECEPTION CENTER
P.O. Box 300
Orient, OH 43146

**Distribution via ECF only:**

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
jefferson.garn@atg.in.gov

Grant E. Helms

---

[2] As will be addressed in another entry issued today, Mr. Bishop's listed address is no longer current.  However, it is the only address of record, so the Court can only attempt delivery there.

OFFICE OF THE ATTORNEY GENERAL
Grant.Helms@atg.in.gov